IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DEEP RIVER WAREHOUSE, INC., ) | Case No. 04-52749 |
| ) | |
| Debtor. ) | |
| _____) | |

## MEMORANDUM OPINION

THIS MATTER came before the Court for hearing on August 5, 2005 upon the Motion for Partial Reconsideration of Order allowing Prepetition Claim of GMAC, filed by GMAC Commercial Mortgage Corporation ("GMAC") on July 5, 2005 (the "Motion to Reconsider"), which requested the Court to reconsider its Order of June 22, 2005 (the "Order Determining Claim"). At the hearing, Alan D. McInnes and David A. Geiger appeared on behalf of GMAC. Robert E. Price, Jr. appeared on behalf of the Debtor.

The issue before the Court is whether the Order Determining Claim should be reconsidered due to a clerical mistake on an affidavit submitted by GMAC that resulted in the Court determining that the insurance advance that GMAC sought to recover in its proof of claim was a post-petition expense. The Court finds that the Order Determining Claim should be reconsidered regarding the insurance advances paid by GMAC.

## FACTS

1. On June 22, 2005 this Court entered the Order Determining Claim.

2. On July 5, 2005, GMAC filed the Motion to Reconsider, which asked the Court to reconsider the portion of the Order Determining Claim entitled "Insurance Advances." In that part of the Order Determining Claim, the Court addressed the amount that GMAC incurred in

insurance advances associated with the Debtor's property (the "Property").

3. GMAC filed the affidavit of Patricia Skalla (the "Skalla Affidavit") on May 17, 2005. Attached as an exhibit to the Skalla Affidavit was an invoice for force placed insurance, dated April 18, 2005. Based on this exhibit, the Court concluded that the insurance advance fees were incurred post-petition and as such would not be allowed as part of GMAC's pre-petition claim.

4. The invoice date of April 18, 2005 was incorrect and resulted from the fact that the computer of Althans Insurance Agency printed an invoice that showed the date on which it was printed for purposes of litigation, not the date on which the invoice was originated.

5. It is undisputed that GMAC paid $43,571.09 to Althans Insurance Agency for force placing insurance on the Debtor's property for the period from January 31, 2003 to August 18, 2003. It is also undisputed that the payments for this insurance were made prepetition.

6. The Debtor disputes any lapse of insurance. However, the records of GMAC and the records of the Debtor's insurance carrier during the period in question, the Phoenix Company, show that the insurance coverage on the Property lapsed from January 31, 2003 through August 18, 2003.[1] The Court is satisfied that a lapse in insurance coverage occurred from January 31, 2003 through August 18, 2003.

## CONCLUSIONS OF LAW

Bankruptcy Rule 3008 allows a party in interest to move for reconsideration of an order allowing or disallowing a claim against the estate. Reconsideration of such an order is within the discretion of the court. See Bankr. Rule 3008 Advisory Committee Notes.

---

[1] The affidavit of Gordon F. Skeeters, the Debtor's insurance agent with the Phoenix Company, avers that insurance coverage lapsed on the Property on January 31, 2003.

Federal Rule of Civil Procedure 60(b), as incorporated through Bankruptcy Rule 9024, governs relief from a judgment or order. Rule 60(b)(1) provides that an order may be reconsidered upon a showing of mistake, inadvertence, surprise, or excusable neglect. The moving party bears the burden of proving excusable neglect by a preponderance of the evidence. See In re Bulic, 997 F.2d 299, 302 (7th Cir. 1993).

In Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership, 507 U.S. 380 (1993), the Supreme Court set forth the standard for demonstrating excusable neglect. The Court held that neglect includes simple, faultless omissions to act and omissions caused by carelessness. See id. at 388. The determination of whether the neglect was excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." Id. at 395. Excusable neglect under Rule 60(b)(1) should be determined from the totality of the circumstances surrounding the incident, including the danger of prejudice to the debtor, the length of delay and potential impact on judicial proceedings, the reason for the delay, including whether it is within the reasonable control of the movant, and whether the movant acted in good faith. See id.

Two mistakes occurred in this matter. First, the Skalla Affidavit contained an error that resulted from the computer of Althans Insurance Agency printing an invoice that showed the date that it was printed rather than the date on which the debt was incurred. Second, the Skalla Affidavit was filed and entered into evidence by counsel for GMAC without counsel noticing and correcting the error. David A. Geiger ("Geiger"), counsel for GMAC, testified that he hurriedly reviewed the Skalla Affidavit and did not notice the error in the date of the invoice.

Under the analysis and reasoning of Pioneer, this Court finds that the clerical error in the Skalla Affidavit and the failure of counsel for GMAC to catch the error constitute excusable

neglect. The Court finds little or no prejudice to the Debtor by granting the Motion to Reconsider.

The Motion to Reconsider should be granted, and GMAC should be allowed a pre-petition claim of $43,571.09 for insurance advances. Paragraph 3.3(g) of the Deed of Trust gives GMAC the authority to force place insurance on the Debtor in a reasonable amount.[2] Based upon the evidence presented, including testimony of Nicholas C. Yuhas, Vice President of Althans Insurance Agency, the Court is satisfied that $43,571.09 is a reasonable amount for payment of force placed insurance by GMAC on the Property.

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

---

[2] The Order Determining Claim thoroughly discussed contract interpretation under North Carolina law and such discussion is incorporated herein.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DEEP RIVER WAREHOUSE, INC. | ) | Case No. 04-52749 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |

<u>PARTIES IN INTEREST</u>

Robyn C. Whitman, Esquire
Bankruptcy Administrator's Office
P.O. Box 1828
Greensboro, NC 27402

Bruce Magers, Esquire
Suite 604-C
2990 Bethesda Place
Winston-Salem, NC 27103

Robert E. Price, Jr., Esquire
1144 W. Fourth St.
Winston-Salem, NC 27101

Alan D. McInnes, Esquire
Kilpatrick Stockton, LLP
Suite 400
3737 Glenwood Avenue
Raleigh, NC 27612

David A. Geiger, Esquire
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309

Case 04-52749    Doc 258    Filed 08/08/05    Page 6 of 6